Carüthers, J.,
delivered the opinion of the Court.
This action was brought for oral and written slander by defendant Maria. She charged the plaintiff with a felony committed in the State of Virginia. From a verdict and judgment for $500 damages in favor of the plaintiff, the defendants appealed in error to this Court.
The main argument here has been upon the action *683 of the Court in sustaining the demurrer to the fourth and fifth pleas, which set up as a defence, that Maria only repeated, when interrogated, what had been published in her presence by one Elizabeth Gearheart. The pleas do not state by whom she was interrogated, or the occasion of the republication. The fourth plea in all other respects, pursues the form in 3 Ch. on Pl., 1035. The fifth plea applies this defence to the second count, which is for a libel. All the authorities agree that this plea is not good, as the matter of it is no defence to a libel, under any circumstances.—Starkie on Slander, 337-40; 10 Johnson’s R., 447; Am. Leading Cases, 202-3.
The fourth plea presents more difficulty.
Ever since, if not before, the Earl of Northampton’s case, 12 Coke, 132-4, there has been conflict of opinion in the Courts, both English and American, on the different aspects of this question. The various cases are reviewed in Am. L. C., 202, and notes; and Starkie on Slander, 340, note. It is not easy to lay down any general rule on the subject, which will not come in conflict with respectable authorities. The resolution in Northampton’s case has been very much restricted and guarded.—6 Bingham, 213; 3 Barn. & Cress., 24. The decision in that case, was, “that if one publish that he * heard another, naming him, say that the plaintiff was a traitor, or a thief, in an action on the case, if the truth he such, he may justify.” By subsequent cases it has been held that this rule only applies to oral slander, that the plea must shew that the defendant, at the time disclosed a certain cause of action against another, by naming him *684 at the time of speaking the words, and by giving the precise words used — that such person was amenable to the plaintiff’s action — that he believed the matter to be true, and that he repeated the words on a justifiable occasion.—1 Am. Lead. Ca., 202, citing 10 Bar. & Cress., 263; 7 Bing., 211; 8 Missouri, 463; 11 Metcalf, 542-9; 8 Wend., 602, and other authorities. So, it will be seen that the defence under consideration, though in some cases admissible, is placed under many qualifications and restrictions.
It has ¿Iso been correctly held that this defence, even when properly pleaded, is not to be regarded as a justification of itself, but the facts being proved, only raises a presumption that the words were not uttered maliciously, but this may be rebutted, and the defence entirely overthrown, by shewing the contrary.—10 Johns. R., 447; 4 Iredell, 136.
The malice requisite to constitute slander need not be actual, or what is called malice in fact, which consists in hatred or ill-will to the person, but malice in its legal or technical sense, which denotes that which is to be inferred from a wrongful act calculated to injure another. This is called malice in law, because the law presumes its existence when an injury is done to the person, property, or character of another, without any lawful excuse. This is sufficient to support an action of slander. It is not enough to disprove the existence of malice, that the words of another, whose name is given at the time, are accurately repeated. This would put it in the power of evil disposed persons, by artful combinations, to ruin character *685 with impunity. Malice may, in such cases, exist in its most malignant form.
On the other hand, under proper circumstances, in the absence of malice, this ground of defence may he complete. It is not enough, however, that the very words used by another, whose name is given at the time, are simply repeated, but' the occasion on which they are repeated must be such as the law regards as fit and proper.
We will not now undertake to enumerate the cases in which the occasion and circumstances will excuse the repetition of slanderous words, as each case must depend upon its own circumstances in reference to the rules of law which have been settled by the Courts in the authorities cited. Taking the form given by Chitty, 3d vol., 1035, from which the fourth plea in this case is copied, to be evidence of the law on the subject, still the demurrer was properly sustained. It avers that the defendant having been interrogated as to the words used by the said Elizabeth Gearheart, simply repeated them, believing, at the time, that they were true. But the form requires that the person by whom she was interrogated should be named. That is certainly a very important and material omission, and of itself makes the plea bad, to say nothing about the failure to state also the purpose and occasion of the interrogatory. So this plea was not good, even if the form in Chitty contains a complete legal defence, which we do not now decide.
The objections taken to the declaration in relation to the want of proper innuendoes, colloquium, &c., *686 cannot be sustained at this day when such rigid tech» nicalities are not favored.
Another ground for a new trial, is, that the plaintiff’s counsel, in his argument before the jury and in the presence of his client, stated that the suit was brought to vindicate injured character, and not for the money of the defendant, and that a release would be entered for the damages they might assess, except enough to cover expenses. The affidavits of some of the jury were filed to establish this fact, and to shew that these declarations had effect upon them in fixing the amount of damages. Although these declarations on the part of counsel are very improper, unless intended to be carried out in 'good faith, yet they should not have the least effect upon the minds of the jury, and it is presumed they generally have none, but even if they should, we are aware of no case, or any principle on which a case could rest, to make it cause for a new trial. A juryman cannot be heard to say that he so far disregarded his oath as to permit such loose and improper declarations of counsel to influence him in his verdict. If the defendant has any apprehension that it will produce an effect prejudicial to him, he would have no difficulty in avoiding it by calling upon the Court for proper instructions to the jury on the subject.
There is, then, no ground upon which this judgment can be disturbed.